E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Major Frauds Section
MATTHEW REILLY
CHRISTINA MCGILL
Trial Attorneys
Criminal Division, Fraud Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2400
     E-mail:    ali.moghaddas@usdoj.gov
                matthew.reilly@usdoj.gov
                christina.mcgill@usdoj.gov

Attorneys for Intervenors
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. 2:23-CV-1511-DSF |
| Plaintiff, | GOVERNMENT'S MOTION TO INTERVENE AND TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| TERREN S. PEIZER and ACUITAS GROUP HOLDINGS, LLC, | |
| Defendants. | |

The United States of America, by and through its counsel of record, E. Martin Estrada, United States Attorney, Glenn S. Leon, Chief of the Fraud Section of the Criminal Division of the U.S. Department of Justice, and Assistant United States Attorney Ali Moghaddas and Trial Attorneys Matthew Reilly and Christina McGill, hereby files its motion to intervene in this civil action under Federal Rule of Civil Procedure 24, and for a stay of this securities enforcement action (the "SEC Case"), with leave to seek extensions

thereof, in light of the ongoing criminal prosecution of the same defendant as in this civil action. *See United States v. Peizer*, 2:23-CR-00089-DSF (the "Criminal Case").

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 24, 2023                    Respectfully submitted,

                                        E. MARTIN ESTRADA
                                      United States Attorney

                                      GLENN S. LEON
                                      Chief, Fraud Section
                                      Criminal Division of DOJ

                                            /s/
                                      ALI MOGHADDAS
                                      MATTHEW REILLY
                                     CHRISTINA MCGILL

                                      Attorneys for Interveners
                                      UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

As the Court is aware, defendant Terren S. Peizer has been accused both in the instant SEC Case and in the separate Criminal Case with insider trading in violation of, inter alia, Rule 10b5-1. Through this motion, the government seeks to intervene and stay the SEC Case in order to preserve the integrity of the prosecution of the Criminal Case, advance the public interest, and prevent the civil defendants from circumventing the narrow confines of criminal discovery through broad civil requests and related litigation.  The government has conferred with defense counsel who have confirmed that defendants consent to the requested stay.  The government has also conferred with the SEC, which has likewise informed the government that it does not oppose the requested stay.

**II.   FACTUAL BACKGROUND**

This SEC Case was brought against defendants Terren S. Peizer and Acuitas Group Holdings, LLC ("Acuitas"), an investment vehicle controlled by Peizer.  The SEC alleges in its complaint that Peizer, through Acuitas, engaged in insider trading by selling more than $20 million of Ontrak stock between May and August 2021 while in possession of material nonpublic information related to the company's then-largest customer.  According to the SEC's complaint, prior to May 2021, when Peizer established a Rule 10b5-1 trading plan in the name of Acuitas to sell Ontrak stock, Peizer knew that Ontrak's relationship with its then-largest customer was in jeopardy and that the customer was dissatisfied with Ontrak's performance under the contract.  Nevertheless, as alleged in the complaint, Peizer attested at the time that he was unaware of any material nonpublic information

concerning the company, executed the 10b5-1 plan, and sold nearly 600,000 of Ontrak shares worth more than $19.2 million. In August 2021, the complaint alleges, Peizer continued to receive negative information about Ontrak's relationship with the customer, which prompted him to adopt a second Rule 10b5-1 trading plan and sell 45,000 more shares of stock worth more than $1.9 million. The SEC's complaint charged Peizer and Acuitas with violating antifraud provisions of Section 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b-5 (17 C.F.R. § 240.10b-5) thereunder, and seeks permanent injunctive relief, disgorgement of ill-gotten gains with prejudgment interest, civil penalties, and an officer-and-director bar for Peizer. Peizer and Acuitas have yet to answer, but have informed government counsel that they do not intend to file a Fed. R. Civ. P. Rule 12 motion to dismiss and intend to promptly begin issuing discovery demands.

On March 1, 2023, the government criminally charged Peizer with three counts related to the same insider trading conduct: one count of engaging in a securities fraud scheme in violation of 18 U.S.C. § 1349 and two counts of insider trading under the criminal provisions of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder (15 U.S.C. §§ 78j(b), 78ff; 17 C.F.R. § 240.10b-5). The charges in the SEC Complaint arise from the same scheme set forth in the Indictment in the Criminal Case, including Peizer's sales of Ontrak securities pursuant to two Rule 10b5-1 trading plans while in possession of material nonpublic information concerning Ontrak's deteriorating relationship with its then-largest customer.

## III. **LEGAL STANDARD**

Under Rule 24(a)(2), any person may intervene in an action when that person "claims an interest relating to the property or transaction that is the subject of the action, and [he] is so situated that disposing of the action may as a practical matter impair or impede [his] ability to protect [his] interest . . . ." Alternatively, Rule 24(b)(1)(B) permits intervention when an applicant "has a claim or defense that shares with the main action a common question of law or fact." Rule 24 "traditionally receives liberal construction in favor of applicants for intervention." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

With respect to the requested stay, the Court has discretion to stay civil proceedings "'when the interests of justice seem [ ] to require such action.'" *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (quoting *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970)). Whether to grant a stay generally involves a balancing of various interests, including those of the civil litigants, but "a trial judge should give substantial weight to [the public interest in law enforcement] in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." *Bureerong v. Uvawas*, 167 F.R.D. 83, 87 (C.D. Cal. 1996) (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)) (alteration in original); *see also Baker v. SeaWorld Entertainment, Inc.*, Case No. 14-cv-2129-MMA (AGS), 2018 WL 1726534, at *3 (S.D. Cal. Apr. 10, 2018).

## IV. ARGUMENT

### A. Intervention Under Rule 24 Is Appropriate

Under Rule 24(a)(2), a party seeking intervention as of right must show that: (1) the application is timely; (2) it has a "significant protectable interest" relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest. *Arakaki*, 324 F.3d at 1083.

Here, the government meets these requirements. The motion is timely because defendants have not yet answered the SEC's Complaint and the parties have not yet commenced discovery. *See, e.g.*, *SEC v. Holcom*, No. 12-CV-1623-H (JMA), 2013 WL 12073831, at *2 (S.D. Cal. Sept. 6, 2013) (finding action timely where the parties had "engaged in little, if any, discovery"). Moreover, "[i]t is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway that involves common questions of law or fact." *Bureerong*, 167 F.R.D. at 86 (collecting cases). Moreover, the government has a "distinct and discernable interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter" and "[c]learly, neither the [p]laintiffs nor the [d]efendants have this identical interest." *Id.* (quotations omitted).

Rule 24(b)(1)(B) provides an alternative basis for intervention. A party may intervene in a civil action when it "has a claim or

4

defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In addition to considering whether common questions exist, courts must also consider whether: (1) there is an independent ground for jurisdiction; and (2) "intervention will unduly delay or prejudice the adjudication of the original parties' rights." *SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1068 (C.D. Cal. 2008) (quoting Fed. R. Civ. Pro. 24(b)(3)). The government meets these requirements as well. As no party contests, the factual allegations in the SEC's Complaint are substantially similar to the conduct charged in the criminal Indictment. The government also has an independent jurisdictional ground for intervention because the government would intervene as a plaintiff and, under 28 U.S.C. § 1345, "the district courts shall have original jurisdiction of all civil actions, suits or proceedings, commenced by the United States." Finally, merely allowing the government to intervene to stay discovery for a limited period of time -- until the resolution of the Criminal Case -- will not significantly delay the civil action nor unduly prejudice the parties. *See, e.g.*, *SEC v. Christian Stanley, Inc.*, No. CV 11-7147 GHK, 2012 WL 13009158, at *4 (C.D. Ca. Sept. 6, 2012) ("Where a party seeks to intervene solely for the purpose of requesting a stay in the proceedings, the prejudice of intervention on the original parties is minimal.").

B. <u>The Court Should Stay Discovery in the Interests of Justice</u>

The Court has discretion to stay civil proceedings when it is in the "interests of justice." *Keating*, 45 F.3d at 324. The Ninth Circuit generally considers "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;

5

(2) the burden which any particular aspects of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; . . . (5) the interest of the public in the pending civil and criminal litigation; and (6) the defendant's Fifth Amendment rights." *Nicholas*, 569 F. Supp. 2d at 1069 (quoting *Keating*, 45 F.3d at 324-25). Each of the factors considered in the Ninth Circuit supports staying discovery here.

### 1. The Requested Stay Will Not Prejudice Plaintiff

The requested stay would not unduly delay the expeditious resolution of the SEC's claims. The requested stay is for a limited duration—until the conclusion of the Criminal Case. At that time, the stay would be lifted and the parties would have an opportunity to engage in full discovery. *See, e.g.*, *Baker*, 2018 WL 1726534, at *3 (granting stay of discovery in securities class action where the government sought stay limited to a defined period of time). Moreover, as noted above, the SEC does not object to the request for a stay which heavily weighs in favor of finding that the plaintiff will not be prejudiced by the proposed stay.

### 2. The Requested Stay Neither Prejudices Nor Burdens the Defendants

A stay of discovery for a limited duration would not prejudice defendants because, "'so far as preparation for trial in the civil action is concerned, appropriate opportunities for discovery can be allowed when the stay is lifted.'" *SEC v. Downe*, No. 92 Civ. 4092 (PKL), 1993 WL 22126, at *13 (S.D.N.Y. Jan. 26, 1993) (quoting *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988)). Relatedly, burden on

6

defendants is only a factor "tailored for the situation in which the *defendant* is seeking a stay of civil proceeding in light of a parallel criminal proceeding," and is therefore "not applicable when the *government* is the party seeking stay and the defendant opposes it." *Christian Stanley, Inc.*, 2012 WL 13009158, at *4 (emphasis in original). Here, because of the pending criminal charges against defendant Peizer, failure to stay the SEC Case would impose a greater burden on defendant who would then be forced to choose between his Fifth Amendment privilege and defending himself in the SEC Case. Moreover, as noted above, defendants do not oppose this request.

        3.   <u>The Requested Stay Might Streamline the Civil Litigation</u>

Here, key issues in the SEC Case are substantially similar to issues in the Criminal Case. As a general matter, "considerations of judicial economy weigh most strongly in favor of staying a civil proceeding or aspects of the civil proceeding when a parallel criminal proceeding is pending at the same time and involves overlapping issues." *Christian Stanley, Inc.*, 2012 WL 13009158, at *5. That is because "a stay may increase efficient use of judicial resources through the application of collateral estoppel." *Id.*; *see also Nicholas*, 569 F. Supp. 2d at 1071 ("collateral estoppel in the criminal case may expedite the resolution of the civil case"); *Bureerong*, 167 F.R.D. at 87 ("some common factual questions may be conclusively determined in the criminal action," which "would pare down the issues to be determined in the civil case, and serve the interests of judicial economy by narrowing the focus of the action to the benefit of the litigants"). If the Criminal Case "were to result in a criminal conviction, collateral estoppel may resolve common

issues between the proceedings, thereby streamlining the civil proceeding." *Christian Stanley, Inc.*, 2012 WL 13009158, at *5. Thus, judicial economy thus weighs in favor of a stay.

        4.   <u>The Government's Interests Support the Requested Stay</u>

"The interest of the public may be reasonably inferred by the United States of America's . . . stance on the parallel proceedings." *Bell on Behalf of Eco Sci. Sols., Inc. v. Taylor*, No. CV 17-00530-LEK-RLP, 2019 WL 1877285, at *4 (D. Haw. Apr. 26, 2019); *see also Bureerong*, 167 F.R.D. at 87 ("[T]he interests of the Government in protecting its criminal investigation are clearly [a] paramount concern . . . ."). Specifically, factual questions and issues that will be the subject of discovery in the SEC Case are central components of the government's prosecution. If discovery is not stayed, defendants in the SEC Case may be able to use civil discovery to obtain testimony and documents which they could not obtain in connection with the ongoing criminal proceeding, therefore undermining the purposeful restrictions on criminal discovery. *See Nicholas*, 569 F. Supp. 2d at 1071-72 (explaining that the criminal discovery rules that the litigants would seek to circumvent "are purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witness[es] from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment"); *SEC v. Downe*, No. 92 Civ. 4092 (PKL), 1993 WL 22126, at *12 (S.D.N.Y. Jan. 26, 1993) ("a stay of discovery is often necessary where liberal discovery rules will allow a litigant to undermine, or gain an unfair advantage in, a potential criminal prosecution").

8

Here, a stay of discovery for a finite period of time reasonably protects the integrity of the government's prosecution and is consistent with the relief often granted by courts in similar cases. *See, e.g., Downe*, 1993 WL 22126, at *13 ("[c]ourts have granted stays of discovery in order to protect the integrity of the pending criminal investigations, even where an indictment has not yet been returned") (granting stay of SEC action pending grand jury investigation involving the same civil defendant); *Baker*, 2018 WL 1726534, at *3 (granting stay of discovery in securities class action during ongoing criminal investigation involving same underlying allegations); *Christian Stanley, Inc.*, 2012 WL 13009158, at *6 (granting stay of discovery in SEC action during ongoing criminal investigation into related securities fraud). The government respectfully submits that its interest is compelling and weighs strongly in favor of a stay.

        5.    <u>The Public Interest Weighs Strongly in Favor of the Requested Stay</u>

The public interest in the criminal investigation "overlaps substantially" with the government's interest in protecting its criminal investigation and is thus another significant factor weighing in favor of a stay. *Christian Stanley, Inc.*, 2012 WL 13009158, at *6. As a general matter, the Ninth Circuit gives "substantial weight" to the "public interest in law enforcement" when balancing against the public interest in prompt resolution of civil claims. *Bureerong*, 167 F.R.D. at 87 (quoting *Campbell*, 307 F.2d at 487). In addition, courts recognize the public interest in ensuring that the "integrity and truth-seeking function of the criminal

9

[discovery] process" is not subverted. *Nicholas*, 569 F. Supp. 2d at 1072.

### 6. Fifth Amendment Considerations Support the Requested Stay

As noted above, the requested stay would also eliminate a potential burden on the defendants, namely, having to choose between invoking their Fifth Amendment privileges in the SEC Case, which could be used against them in the civil litigation, and answering the complaint, responding to discovery, and testifying (whether at deposition or otherwise) in the SEC Case, which statements and testimony could be used against them in a criminal case. *See, e.g.*, *Nicholas*, 569 F. Supp. 2d at 1073 ("the Court has a substantial interest in protecting [a civil defendant's] right to a fair trial in the criminal case"); *see also Sullivan v. United States*, No. CV 20-00248 LEK-KJM, 2022 WL 105193, at *3 (D. Haw. Jan. 11, 2022) (finding that Defendant's Fifth Amendment rights may be implicated if a civil case is litigated while charges are still pending in an overlapping criminal case); *Chagolla v. City of Chi.*, 529 F. Supp. 2d 941, 947 (N.D. Ill. 2008) ("A civil defendant in this situation who is effectively backed into a corner in which he has no viable choice but to claim the privilege is forced to face a significant risk of unfair prejudice that may be virtually impossible to remedy."). Accordingly, this final factor also weighs in favor of a stay.

## V. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court grant its motion to intervene and to stay the SEC Case, with leave to seek extensions thereof.