UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>                v.<br><br>TERREN S. PEIZER and ACUITAS GROUP HOLDINGS, LLC,<br><br>        Defendants. | No. 2:23-CV-1511-DSF<br><br>ORDER GRANTING GOVERNMENT'S MOTION TO INTERVENE AND TO STAY DISCOVERY |

This matter having come before the Court upon the motion of the United States for an Order: (1) granting the United States leave to intervene in the above captioned civil action (the "SEC Case") pursuant to Federal Rule of Civil Procedure 24; and (2) staying the SEC Case pending the conclusion of criminal proceedings in *United States v. Peizer*, 2:23-CR-00089-DSF (the "Criminal Case"), and any related proceedings before the United States District Court, including trial:

WHEREAS, on February 24, 2023, a grand jury, sitting in the Central District of California, returned an indictment charging Terren S. Peizer with two counts of insider trading, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and one count of

conspiracy, in violation of Title 18, United States Code, Section 1349. *See* 2:23-CR-00089-DSF, ECF Docket No. 1.

WHEREAS, on March 1, 2023, defendant Peizer was arraigned before the Honorable Steve Kim, United States Magistrate Judge, and entered a plea of not guilty to the charges set forth in the Indictment. *See* 2:23-CR-00089-DSF, ECF Docket No. 14.

WHEREAS, on March 1, 2023, plaintiff Securities and Exchange Commission (the "SEC") filed the SEC Case against defendants Terren S. Peizer and Acuitas Group Holdings, LLC ("defendants") alleging that defendants violated Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)], Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)].

WHEREAS, the SEC Case arises from a parallel civil investigation and the SEC's civil complaint similarly alleges that defendants engaged in a scheme to defraud shareholders by trading on the basis of material nonpublic information relating to Ontrak, Inc.

WHEREAS, defendants have not yet filed an answer to the SEC's complaint, but have represented that they would immediately initiate civil discovery demands upon their answer.

WHEREAS, there is a significant overlap between the SEC Case and the Criminal Case in that the civil proceeding and the criminal prosecution involve the same individual defendant, the same alleged scheme to defraud, and many of the same potential witnesses.

WHEREAS, a stay of the SEC Case will cause little to no particularized harm to the SEC, defendants, or the public, and it will likely benefit the parties and the public by reducing the scope of discovery in the SEC Case, narrowing or eliminating the issues to be decided in the SEC Case, and protecting defendant Peizer's anticipated assertion of his privilege against self-incrimination.

WHEREAS, the United States timely applied to intervene in the SEC Case.

WHEREAS, the United States has a sufficient interest in the SEC Case that may be affected or impaired by the disposition of the SEC Case and which is not adequately represented by an existing party in the SEC Case.

WHEREAS, the SEC Case and the Criminal Case share common questions of law and fact.

WHEREAS, this Court has the inherent authority to stay proceedings in a civil case in the interests of justice when a parallel criminal prosecution is underway.

WHEREAS, the parties in the SEC Case do not oppose staying this matter until the Criminal Case has concluded.

THEREFORE, GOOD CAUSE HAVING BEEN SHOWN, IT IS ORDERED that, pursuant to Federal Rules of Civil Procedure 24(a)(2) and 24(b)(1)(B), the United States is granted leave to intervene in the above-captioned matter; and

IT IS FURTHER ORDERED that, in the interests of justice, the above-captioned matter is hereby stayed until the Criminal Case is completed.


DATED: April 24, 2023

THE HONORABLE DALE S. FISCHER
United States District Judge